UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERTO BATRES, on behalf of himself and
all others similarly situated, JOSUE N.
BATRES, and JOSE D. BATRES,  **ORDER**
                             14-CV-1434 (SIL)
        Plaintiffs,

-against-

VALENTE LANDSCAPING INC., and MARY
VALENTE,

        Defendants.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court in this wage and hour action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, is Plaintiffs' motion seeking an Order: (i) relieving the law firm Shulman Kessler LLP ("Shulman Kessler") as counsel for opt-in plaintiffs Edgar Alvarez and Marvin Maldonado; and (ii) approving the parties' Settlement Agreement and Release (the "Settlement Agreement"). *See* Docket Entry ("DE") [45]. For the reasons set forth herein, Plaintiffs' motion is granted in part and denied in part.[1]

**I.    BACKGROUND**

By way of Complaint dated March 4, 2014, Plaintiffs Roberto Batres, Josue N. Batres, and Jose D. Batres (collectively, the "Named Plaintiffs"), commenced this action against Defendants Valente Landscaping Inc. and Mary Valente (collectively,

---

[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* DE [38].

1

"Defendants"), on behalf of themselves and all others similarly situated, seeking to recover: (i) unpaid overtime compensation pursuant to the FLSA and NYLL; and (ii) statutory damages for Defendants' alleged violation of the NYLL's notice and recordkeeping requirements.  *See* Compl., DE [1], ¶¶ 69-88.  Plaintiffs allege in relevant part that "they worked over 40 hours per week performing various landscaping services for Defendants, without the benefit of premium overtime pay for all hours worked."  *Id.*; *see also* Declaration of Garrett Kaske in Support of Plaintiffs' Motion for Settlement Approval and to be Relieved as Counsel (the "Kaske Decl."), DE [46], ¶¶ 14, 15.

On May 14, 2014, Plaintiffs filed a motion seeking an Order: (i) conditionally certifying this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b); and (ii) granting leave to circulate a Notice of Pendency and Consent to Join form (the "Consent Form") to potential opt-in plaintiffs.  *See* DE [10].  On May 21, 2014, Magistrate Judge William D. Wall granted Plaintiffs' motion for conditional certification and authorized circulation of the Consent Form.  *See Batres v. Valente Landscaping, Inc.*, No. 14-CV-1434, 2014 WL 2111080, at *2 (E.D.N.Y. May 21, 2014). Thereafter, Plaintiffs' counsel circulated the Consent Form to all putative collective action members, and opt-in plaintiffs Ines Linares, Wilmer Guevara, Daniel Batres, Carlos Arriaza, Marvin Maldonado, and Edgar Alvarez (collectively, the "Opt-In Plaintiffs") ultimately consented to becoming plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  *See* Kaske Decl. ¶¶ 13, 17; *see also* DE [13], [14], [15], [16], [17], [19].

On July 20, 2016, Plaintiffs submitted the instant motion in which they: (i) request that Shulman Kessler be relieved as counsel for Opt-In Plaintiffs Alvarez and Maldonado; and (ii) seek approval of the Settlement Agreement. See DE [46]. According to Kaske, "[s]ince discovery, Opt-in Melvin Maldonado has remained unresponsive and uncooperative." Kaske Decl. ¶ 40. Kaske further states that "Plaintiffs' Counsel called [Maldonado] and texted him on numerous occasions and sent him a postcard telling him to call Shulman Kessler." Id. at ¶ 41. On December 16, 2015, Plaintiffs' counsel also sent Maldonado a letter informing him that Shulman Kessler "may have to withdraw as his attorneys should he fail to respond." Id. at ¶ 43. However, "Mr. Maldonado never responded to [Shulman Kessler's] letters, texts, [or] phone calls." Id. at ¶ 43. Similarly, "Opt-In Edgar Alvarez has been non-responsive since May 18, 2016." Id. at ¶ 45. According to Kaske, Shulman Kessler attempted to contact Alvarez approximately eleven times, but "all efforts to contact him have failed." Id. at ¶¶ 46, 49. On June 20, 2016, Shulman Kessler "mailed [Alvarez] a certified letter to advise him that [they] will seek to be relieved as counsel." Id. at ¶ 48. To date, Alvarez has not responded. Id. at ¶ 49.

With respect to the terms of the Settlement Agreement, in exchange for a release of Plaintiffs' employment-related claims, Defendants agree to pay $40,000.00 to Plaintiffs, of which, $13,617.00 will be payable to Plaintiffs' counsel as an award of attorneys' fees and costs. See Settlement Agreement, DE [46-1], §§ 1.8, 2.1, 2.2; Kaske Decl. ¶¶ 36-38. According to Kaske, "the percentages of recovery based upon Plaintiffs' estimates are approximately 31% of Plaintiffs' best-case recovery and

approximately 86% of Plaintiffs' modest estimate of recovery." Kaske Decl. ¶ 55. Kaske further states that, "Defendants deny that Plaintiffs are owed any unpaid overtime to the extent that Plaintiffs could prove some liability," and that "[t]herefore, Defendants' estimates as to Plaintiffs' best-case recovery and modest estimate of recovery would be substantially lower, to the extent that Plaintiffs could recover anything." *Id.* at ¶ 56. Relevant here, the Settlement Agreement also contains a release provision, which states that Plaintiffs release "any and all FLSA and NYLL wage-and-hour claims arising up to and including the date Plaintiffs sign this agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, . . . relating to FLSA violations or NYLL wage-and-hour claims . . . ." Settlement Agreement § 4.1(a). The release provision further provides that Plaintiffs release:

> any and all other employment-related claims arising up to and including the date Plaintiffs sign this Agreement, including but not limited to claims under Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Immigrant Reform and Control Act; The Americans with Disabilities Act of 1990; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The New York Executive Law (including its Human Rights Law); The New York State Labor Law (including its whistleblower provisions), and other Laws; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Litigation.

*Id.* at § 4.1(b).

4

## II. DISCUSSION

For the reasons set forth herein, Plaintiffs' motion is: (i) granted insofar as Shulman Kessler seeks to be relieved as counsel for Opt-In Plaintiffs Alvarez and Maldonado; and (ii) denied without prejudice insofar as Plaintiffs seek approval of the Settlement Agreement.

### A. Withdrawal of Counsel

Pursuant to Local Civil Rule 1.4:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Civil Rule 1.4; *see also Xu v. UMI Sushi, Inc.*, No. 15 Civ. 4710, 2016 WL 3523736, at *6 (S.D.N.Y. June 21, 2016) (applying Local Civil Rule 1.4 in analyzing a motion to withdraw as counsel of record). In determining whether to grant a motion to withdraw as counsel, "district courts . . . analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). Relevant here, "'a client's lack of cooperation—including lack of communication with counsel' constitutes a satisfactory reason to withdraw." *Battino v. Cornelia Fifth Ave., LLC*, No. 09 Civ. 4113, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) (quoting *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005)); *see also Bhalla v. JP Morgan Chase & Co.*, No. 03-CV-6051, 2005 WL 1027523, at *2

5

(E.D.N.Y. Apr. 26, 2005) (granting motion to withdraw as counsel "due to [the plaintiff's] unwillingness to cooperate with [plaintiff's counsel] in prosecuting [the] case"). Ultimately, "[d]istrict courts are due considerable deference" in deciding whether to grant a motion to withdraw as counsel. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

Here, good cause exists to relieve Shulman Kessler as counsel for Opt-In Plaintiffs Alvarez and Maldonado. With respect to Maldonado, Shulman Kessler attorneys "last spoke to him on the morning of October 9, 2014." *See* Kaske Decl. ¶ 41. Despite the firm's extensive efforts thereafter to contact him, "Mr. Maldonado never responded to [Shulman Kessler's] letters, texts, and phone calls." *Id.* at ¶ 44. Similarly, "Alvarez has been non-responsive since May 18, 2016," and has not responded to Shulman Kessler's phone calls, text messages, or letters. *Id.* at ¶¶ 45, 49. Indeed, both Alvarez and Maldonado were informed that, should they fail to respond to Shulman Kessler, the firm would seek to be relieved as counsel. *Id.* at ¶¶ 43, 48. Moreover, both Alvarez and Maldonado were served with the instant motion, but neither has filed an opposition or otherwise responded. *Id.* at ¶ 50. Alvarez and Maldonado's failure to communicate and cooperate with Shulman Kessler is sufficient to establish that good cause exists to relieve Shulman Kessler as counsel.[2] *See Battino*, 2013 WL 4779635, at *1; *see also Naguib v. Pub. Health Sols.*, No. 12-

---

[2] The Court further notes that an amendment to the Settlement Agreement allows for Alvarez to recover pursuant to the terms of the Settlement Agreement should he come forward within twenty days of the date on which the Settlement Agreement is approved. *See* Amendment to Settlement Agreement, DE [46-2], § 1(b). Because Maldonado was non-responsive to Plaintiffs' counsel before the parties agreed on a settlement, no portion of the settlement amount is allocated for his individual benefit. *See* Settlement Agreement Ex. A; *see also* Kaske Decl. ¶¶ 40, 41.

CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where the client refused to communicate and cooperate with counsel); *Munoz v. City of New York*, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting motion to withdraw as counsel "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff").  Moreover, relieving Shulman Kessler as counsel for Alvarez and Maldonado will not negatively impact the timing of this action, as the remaining Plaintiffs have each approved the Settlement Agreement.  *See Battino*, 2013 WL 4779635, at *2 ("[W]ithdrawal of counsel will avoid prejudice to the remaining . . . plaintiffs, who continue to participate in this matter and who have each approved the pending settlement agreement.").

Based on the foregoing, Plaintiffs' motion is granted insofar as Shulman Kessler seeks to be relieved as counsel for Opt-In Plaintiffs Alvarez and Maldonado.

### B. Approval of Settlement Agreement

Pursuant to the FLSA, parties cannot enter into a private settlement agreement and stipulate to dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without approval of the Court or the United States Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15-CV-2588, 2016 WL 927183, at *1 (E.D.N.Y. Mar. 7, 2016) ("Approval of the district court or the Department of Labor is required for settlements dismissing FLSA claims with prejudice."); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y.

2012) (requiring that the district court scrutinize an FLSA settlement agreement to determine that it is fair and reasonable). Relevant here, courts decline to approve FLSA settlements "that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues . . . .'" *Cheeks*, 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)); *see also Panganiban*, 2016 WL 927183, at *3 ("[I]n the context of a typical FLSA case, an employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled.") (internal quotation and alteration omitted). Indeed, courts in the Second Circuit have observed that "[b]road releases are 'doubly problematic' in the FLSA context, 'where courts have a duty to police unequal bargaining power between employees and employers.'" *Lopez v. Poko-St. Ann L.P.*, --- F. Supp. 3d ---, 2016 WL 1319088, at *3 (S.D.N.Y. Apr. 4, 2016) (quoting *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015)).

Here, the Settlement Agreement's release provision is too broad to be considered fair and reasonable. As set forth above, the release provision requires that Plaintiffs release "any and all other employment-related claims arising up to and including the date Plaintiffs sign [the] Agreement." Settlement Agreement § 4.1(b). To that end, the release provision specifies that Plaintiffs must release claims arising under theories of liability not alleged in the instant action, including, among others, claims arising under Title VII of the Civil Rights Act of 1964, The Employee

8

Retirement Income Security Act of 1974, The Immigration Reform and Control Act, The Americans with Disabilities Act of 1990, and "any other federal, state or local law, rule, regulation or ordinance; any public policy, contract, tort, or common law." *Id.* By requiring that Plaintiffs release practically all claims, whether known or unknown, including claims arising under theories of recovery not alleged in the instant action, the Settlement Agreement's release provision is "far too sweeping to be considered fair and reasonable." *Alvarez v. Michael Anthony George Constr. Corp.*, No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. June 10, 2015); *see also Cheeks*, 796 F.3d at 206 (observing that a release waiving "practically any possibly claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" was overbroad); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *1 (E.D.N.Y. Oct. 28, 2015) (declining to approve an FLSA settlement agreement that required that the plaintiff release "any other actions and/or claims against the Defendants, known or unknown, . . . including but not limited to any alleged violation of federal, state or local law, regulation, rule or ordinance"). Because the release provision is inconsistent with the policy concerns underlying the FLSA, the Court declines to approve the Settlement Agreement in its current form.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs' motion is granted in part and denied in part. Plaintiffs' motion is granted insofar as Shulman Kessler is relieved as counsel for Opt-In Plaintiffs Edgar Alvarez and Melvin Maldonado. Plaintiffs'

9

counsel is instructed to serve a copy of this Order on Alvarez and Maldonado and electronically file proof of service. Plaintiffs' motion is denied without prejudice insofar as it seeks approval of the Settlement Agreement in its current form. On or before October 14, 2016, the parties are instructed to submit a revised settlement agreement consistent with the instant Order, or, in the alternative, a letter advising the Court that they intend to proceed with litigating this action.

Dated:   Central Islip, New York         **SO ORDERED.**
         September 15, 2016

                                          s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge